**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4059**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAYLE MENDEZ,

Defendant – Appellant.

———————————

**No. 14-4093**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIESKY PAYROL SUAREZ,

Defendant - Appellant.

———————————

**No. 14-4094**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENEE RODRIGUEZ,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00259-CCE-1; 1:13-cr-00259-CCE-2; 1:13-cr-00259-CCE-4)

Submitted: October 31, 2014          Decided: November 7, 2014

Before KING, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathleen A. Gleason, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP, Greensboro, North Carolina; Don D. Carter, DON D. CARTER, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina; Thomas H. Johnson, Jr., GRAY & JOHNSON, LLP, Greensboro, North Carolina, for Appellants. Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayle Mendez, Daniesky Suarez, and Renee Rodriguez pled guilty to conspiracy to possess counterfeit access devices, in violation of 18 U.S.C. § 1029(b)(2) (2012). Mendez also pled guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). The district court sentenced Mendez to fifty-four months' imprisonment, Suarez to forty-six months' imprisonment, and Rodriguez to thirty-seven months' imprisonment.

On appeal, Appellants raise multiple challenges to their Guidelines calculations and contest the substantive reasonableness of the sentence. They assert that the district court erred when it: (1) applied a two-level enhancement to their base offense levels for use of sophisticated means, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(10) (2013); (2) miscalculated the total loss amount, resulting in an eight-level enhancement, pursuant to USSG § 2B1.1(b)(1)(E); (3) miscalculated the total number of victims, resulting in a four-level enhancement, pursuant to USSG § 2B1.1(b)(2)(B); (4) applied a two-level enhancement to Suarez's and Rodriguez's base offense levels for leadership, pursuant to USSG § 3B1.1(c); and (5) declined to vary downward. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first consider whether the sentencing court committed "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). We will find clear error only when, "on the entire evidence[,] [we are] left with the definite and firm conviction that a mistake has been committed." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted).

If we find the sentence procedurally reasonable, we also consider its substantive reasonableness under the totality of the circumstances. Lynn, 592 F.3d at 578. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is

4

unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We first address Appellants' argument that the district court erred in applying the two-level enhancement for sophisticated means. The sophisticated means enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B). While the scheme must involve "more than the concealment or complexities inherent in fraud," United States v. Adepoju, 758 F.3d 250, 257 (4th Cir. 2014), courts can find that a defendant used sophisticated means even where he did "not utilize the most complex means possible to conceal his fraudulent activit[y]." United States v. Jinwright, 683 F.3d 471, 486 (4th Cir. 2012). Moreover, a defendant's individual actions need not be sophisticated so long as the scheme as a whole is sophisticated. Adepoju, 756 F.3d at 257; Jinwright, 683 F.3d at 486.

Appellants' scheme was sufficiently complex to support this enhancement. They not only obtained 198 stolen credit card account numbers, but also disguised their fraudulent purchases by encoding stored-value cards with the stolen account numbers, making their purchases appear as legitimate transactions.

5

Appellants' assertions regarding relocation are unpersuasive because the totality of the offense was otherwise sophisticated.

Moreover, the district court's application of this enhancement did not result in impermissible double counting. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines." United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010). Here, neither USSG § 2B1.1(b)(10) nor (b)(11) contains language prohibiting double counting as to the provisions applied to Appellants. Further, as discussed above, the sophisticated means enhancement is supported by factors beyond the mere possession of device-making equipment and production of counterfeit access devices.

We next address Suarez's and Rodriguez's argument that the district court incorrectly calculated the total loss figure.[*]

---

[*] Appellants contend that Mendez did not object to the loss calculation at sentencing and, therefore, waived appellate review. A review of the record, however, reveals that Mendez objected to the loss enhancement in a written submission and at sentencing. From Appellants' brief, it appears that Mendez does not assert this issue on appeal; however, even if he did, Mendez would not be entitled to relief as explained above.

6

The district court "need only make a reasonable estimate of the loss." United States v. Cloud, 680 F.3d 396, 409 (4th Cir. 2012) (internal quotation marks omitted). Generally, "loss is the greater of actual loss or intended loss." USSG § 2B1.1 cmt. n.3(A); see USSG § 2B1.1 cmt. n.3(A)(i) (defining "actual loss" as "reasonably foreseeable pecuniary harm that resulted from the offense"). Special rules govern determinations of loss in cases involving stolen or counterfeit credit cards and access devices. USSG § 2B1.1 cmt. n.3(F)(i). In such cases, "loss includes any unauthorized charges made with the counterfeit . . . or unauthorized access device and shall be not less than $500 per access device." Id.

We find no clear error in the district court's calculation of total loss. In adopting the PSRs, the court used the $500-per-device multiplier in accordance with USSG § 2B1.1 cmt. n.3(F)(i), resulting in a loss that reflected both the loss from used cards and the reasonably foreseeable loss from unused cards. This was a reasonable estimate based on a preponderance of the evidence.

We next address Suarez's and Rodriguez's argument that the district court incorrectly calculated the total number of victims, resulting in a four-level enhancement. A review of the record reveals that this issue was not preserved below; thus, we review for plain error. Strieper, 666 F.3d at 292. To

7

establish plain error, an appellant must show "(1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights, meaning that 'it affected the outcome of the district court proceedings.'" United States v. Webb, 738 F.3d 638, 640-41 (4th Cir. 2013) (quoting United States v. Olano, 507 U.S. 725, 732-34 (1993)). Suarez and Rodriguez fail to satisfy their burden. Even assuming they adequately establish that the district court erred, they make no assertions that such error was clear or obvious or affected their substantial rights. See Lynn, 592 F.3d at 580 & n.5 (requiring appellant to show that error affected his substantial rights). Therefore, we discern no reversible error in the district court's victim calculation and resulting enhancement.

We next address Suarez's and Rodriguez's challenge to the leadership enhancement. To qualify for the two-level enhancement, a defendant must have been "an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants and was not otherwise extensive. USSG § 3B1.1(c). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). A preponderance of the evidence supported the finding that Suarez and Rodriguez exercised some degree of control over both the

operation and the activities of the others involved. Accordingly, we conclude that the district court did not err by applying the two-level enhancement.

Finally, we address Appellants' argument that the district court erred by not imposing downward variant sentences. Having determined that there is no significant procedural error, we consider the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." Gall, 552 U.S. at 51. We apply a presumption of substantive reasonableness to sentences within properly calculated Guidelines ranges. See United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Nothing in the record overcomes the appellate presumption of reasonableness afforded Appellants' within-Guidelines sentences. Therefore, we conclude that the district court did not commit any substantive error in sentencing Appellants.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

AFFIRMED